Carr, J.
The principal argument relied on by the counsel for the appellants, was, that when the deeds of trust were executed, the property was subject to the lien of the judgement recovered by Rogers fy brothers against Imub, and passed, thus incumbered, to the trustee, Marshall; and that the subsequent issuing of the ca. sa. upon the judgement, and the service thereof upon Lane, did not affect the lien of the judgement: for, though it was admitted that the issuing of the ca. sa. and taking the body of the debtor in *432 execution, would, at common law, have destroyed the lien of the judgement, which springs from the capacity of the creditor to take out an elegit, it was contended, that the provisions of our law of executions changed all this, by making a ca. sa. wjien levied, a lien on the whole estate of the debtor, real and personal. The judgement, it was said, bound half of the land to the moment of levying the ca. sa.; and how, it was asked, could that destroy the lien on the half, which gave to the same party a lien on the whole % It is, certainly, the rule of the common law, that if the debtor’s body be taken on a ca. sa. it is a satisfaction of the debt, and the creditor can have no other execution, and especially he cannot have an elegit. The few exceptions to this rule, as was justly said by counsel in the argument of Jackson v. Heiskhell, “ are founded on after circumstances, which defeat the effect of the process, and disappoint the creditor of that satisfaction, which the law supposes such process to afford; as rescue, escape, or death of the debtor in execution.” The authorities for this doctrine are cited in that case. In that case, too, the judgeá who were inclined to give the ca. sa. lien the greatest extent (and whose opinions for going so far, have been since overruled, Foreman v. Loyd, 2 Leigh 284.) admitted, that no creditor, after taking out a ca. sa. and getting it executed, could stand upon the lien of the judgement.
The appellants’ counsel relied upon the decision in the case of Fox v. Rootes; on that point in the case, where the court, in comparing the liens of the creditors under the decree, and the purchasers under the deed of trust, did not consider the deed as destroying the lien of the decree creditors, though they had sued out writs of ca. sa. on their decree, on which, the debtor’s body bad been taken in execution, and he was discharged on taking the oath of insolvency under the act for the relief of insolvent debtors. It might be a sufficient answer to that case, to say that, according to the rule of this court, it is not authority; being the decision of a majority only of a court of three judges: but, *433 in justice to my brethren, with whom I sat and from whom I differed as to that point, I must observe, that they by no means intended to lay down this as general doctrine, but simply as the result of the peculiar circumstances of that case. This is apparent from the language of the decree, which is as follows : “ It appears, that most of these creditors [the creditors by decree] have issued writs of ca. sa. on one of their instalments, which have been served on Rootes, and under which he has taken the benefit of the insolvent debtor’s act. It is the opinion of a majority of the court, that this proceeding cannot, in a court of equity, postpone these creditors as to that instalment, to the purchasers under Fox’s deed; because that deed being made for the security both of the purchasers and these creditors, whatever effort the latter made to procure from another source, satisfaction of their decree, was an effort to assist and benefit the purchasers, by lessening the amount for ivhich their security was liable.”
Another objection to the decree was, that it dismissed the bill of the plaintiffs as to the appellees, instead of keeping those parties in court, and superintending the sale of the mortgaged subject, and distribution of the proceeds, so that, in case of any surplus, it might have been applied to the judgement of these plaintiffs. The answer is, that the bill had no such object; it was brought simply to remove these deeds out of the plaintiffs’ way as fraudulent. It is too, apparent enough, that the fund was utterly inadequate to the satisfaction of the prior liens; and the knowledge of this, was probably the reason, why the plaintiffs preferred to take an appeal from the decree immediately, instead of asking the court to take management of the fund, and give them any surplus which might remain.
I think the decree must be affirmed.